POKEGAMA SUGAR-PINE LUMBER CO. v. KLAMATH RIVER LUMBER & IMPROVEMENT CO.

In re COOK et al.

(Circuit Court, N. D. California. April 19, 1898.)

RESTRAINING ORDER—VIOLATION—ADVICE OF COUNSEL—CONTEMPT.
     A restraining order must be obeyed in its entirety until modified; and, in a proceeding to punish respondents for its violation, the plea that they were acting under the advice of counsel, honestly given, may serve to mitigate the punishment for a violation, but is no defense.

Order to show cause why defendants should not be punished for contempt in violating a restraining order.

E. S. Pillsbury (F. D. Madison and James F. Farraher, of counsel), for complainant.

F. S. Stratton, S. C. Denson, and W. W. Kaufmann, for John R. Cook and others.

H. B. Gillis and James R. Tapscott, per se.

MORROW, Circuit Judge (orally). It has been determined, in passing upon the motion to modify the restraining order in this case, that the order was within the power of the court to issue. 86 Fed. 528. The power vested in courts of the United States to punish for contempt of court is found in section 725 of the Revised Statutes. It provides as follows:

"The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority: provided, that such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree, or command of the said courts."

The restraining order in question was issued March 17, 1898, and was directed to the "Klamath River Lumber and Improvement Company, Your Successors, Officers, Attorneys, Agents, and Servants, and Each and All of Them." It notified them that they were "absolutely restrained from in any manner interfering with, impeding, or hindering, and from causing to be interfered with, impeded, or hindered, the Pokegama Sugar-Pine Lumber Company, complainant herein, its successors, officers, attorneys, agents, or employés, or any of them, from occupying, conducting, managing, and carrying on of the property mentioned in a certain instrument in writing dated and acknowledged April 7, 1897." The order was served March 21, 1898, at Klamathon, Siskiyou county, in this state,· on the Klamath River Lumber & Improvement Company, by delivering

to and leaving with John R. Cook, as president and managing agent of the Klamath River Lumber & Improvement Company, and John R. Cook, John S. Cook, and W. E. Cook, designated as directors and agents, and H. B. Gillis, attorney for the company, a certified copy of the order. When this restraining order was issued there had been presented to the judge of this court a verified bill of complaint, in which the complainant demanded equitable relief, and which set forth facts upon which the relief was claimed, and upon these facts the restraining order was made. When the bill of complaint was presented to the judge of this court, it became his duty to consider and decide, upon the facts stated, whether or not to grant the order asked for by the complainant. He had the power to decide this question, and, having determined that the facts were sufficient to warrant him in issuing the order, the order so issued was valid and binding, and should have been received and obeyed. People v. McKane, 78 Hun, 154, 28 N. Y. Supp. 981; U. S. v. Debs, 64 Fed. 724; In re Debs, 158 U. S. 564, 15 Sup. Ct. 900.

The objection that the order was mandatory in its effect has been considered and disposed of on the motion to modify the order. But for the present purpose it is sufficient to say that, although it may ultimately be determined that this order was for that reason erroneous, it was nevertheless within the power of the court to grant, and it should have been obeyed. If there was any doubt as to its scope or character, the question should have been submitted to the court for its determination.

It appears from the testimony that, while the deputy marshal was engaged in serving the restraining order in question, he was forcibly resisted at the office of the lumber company at Klamathon by W. E. Cook and one George W. Marsh, and that they attempted to eject him from the office; that, upon visiting the mill for the purpose of making service of the order upon the persons in the mill, he found the mill openings closed and barricaded, and a number of persons inside in the charge of John S. Cook, who refused the officer admission to the mill; that the deputy marshal afterwards asked admission to the mill that he might post therein a certified copy of the restraining order, and he was again refused; that the deputy marshal also served a copy of the restraining order upon H. B. Gillis, attorney for the respondents, who stated that he did not see anything in the order which warranted his clients in giving up the possession of the property, and that he would so advise them; that the effect of this advice was that the respondent Klamath River Lumber & Improvement Company, by its officers, agents, attorneys, and employés, maintained possession of the property to the exclusion of the complainant, until March 29, 1898; in other words, that complainant was not permitted by the respondent to occupy, conduct, manage, or carry on the business connected with the property involved in this controversy. This was clearly in violation of the restraining order.

It is urged on behalf of the respondents that they are acting under the advice of counsel, and he justifies his advice upon his views of the law and the result of the injunction proceedings in

the state court. What the respondents did, they did not do accidentally or unintentionally, but knowing fully what they were doing. What they did, therefore, is none the less legally a contempt of court, because they did not think they were disobeying the orders of the court, or were advised they were not. Any question of animus can be considered only in determining the extent of the punishment. Atlantic Giant-Powder Co. v. Dittmar Powder Mfg. Co., 9 Fed. 316.

The conduct of the respondents cannot be excused, therefore, on the ground that they were advised that they had a right to maintain possession of the property when such possession was clearly in violation of the order of this court. Nor did the result of the proceedings in the superior court justify the respondents in construing the restraining order of this court for themselves as permitting them to exclude the complainant from the property and from conducting and carrying on the business of the lumbering plant. In Muller v. Henry, 5 Sawy. 464, Fed. Cas. No. 9,916, the late Judge Sawyer held that, where parties had been enjoined from grading a street until the hearing of the cause or the further order of the court, and, subsequently, proceeded to grade under the authority of a city ordinance passed after the issuing of the injunction, without first presenting the ordinance to the court and procuring a dissolution or modification of the injunction, were guilty of contempt, and that parties can only be relieved from the operation of an injunction absolutely prohibiting the performance of a specific act by the court granting the injunction.

The principals in the present affair at Klamathon were John R. Cook, the president of the Klamath River Lumber & Improvement Company, whose authority was such that he must be deemed to have sanctioned the proceedings of those who acted with and for him in this matter, and his two sons, W. E. Cook and John S. Cook. Their conduct was clearly in disobedience of the order of the court. The position of H. B. Gillis was that of an attorney for the Klamath River Lumber & Improvement Company and the legal adviser of the Cooks. He admits that the Cooks were acting by and under his advice in these proceedings. With the Cooks were George W. Marsh, George Norris, and Thomas McInerney, who participated aggressively in resisting the officer and the efforts of the complainant to occupy the property. The other respondents were employés acting in various capacities about the premises, principally as watchmen. In my opinion, all the respondents, except David S. Baxter, have been shown to be guilty of contempt of court in a greater or less degree. But manifestly the principals must be held mainly responsible for the acts of resistance that have taken place with respect to the property in question. I shall, however, consider in mitigation of punishment the proceedings in the state court wherein it was determined that it was not intended by the injunction in that case to exclude the respondents from the possession of the property, and the asserted good faith of the advice given by Mr. Gillis based upon such proceedings. I will further consider, as an important fact on behalf of respondents, that

when advised by counsel on March 29, 1898, that they should not exclude the complainant from the occupation of the property, they at once surrendered its possession to the complainant.

It follows, in the opinion of the court, that John R. Cook, W. E. Cook, John S. Cook, and H. B. Gillis have been guilty of contempt of court, and the judgment is that they pay a fine of $50 each and the costs of the proceedings; and, unless the fines and costs are paid within 10 days, that they be imprisoned until the fines and costs are paid, not to exceed 30 days. That George Marsh, George Norris, and Thomas McInerney are also guilty of contempt of court, and that they be fined $50 each and the costs of these proceedings; and, unless the fines and costs are paid within 10 days, that they be imprisoned until the fines and costs are paid, not to exceed 30 days. With respect to J. R. Tapscott, I find that he is the junior member of the law firm of Gillis & Tapscott, and that what he did in this case was in accordance with the views of Mr. Gillis, the senior member of the firm. My judgment is, however, that he is guilty of contempt of court, and that he pay the costs of the proceedings, under the conditions heretofore stated. That Henry Martin, Julius H. Stock, Robert Hopkins, Abner Giddings, William Ferguson, J. H. Layman, Norman Campbell, E. Campbell, J. Van Landingham, J. P. Plunkett, Peter Linn, Albert Panknin, Frank L. Martin, William Hanning, Andy Davis, E. A. Farr, Nels Monson, H. I. Small, and Louis Stoneburg are guilty of contempt of court; that they be fined the costs of these proceedings; and, if the costs are not paid within 10 days, that they be imprisoned until the costs are paid, not to exceed 30 days. That in the case of David S. Baxter the order to show cause be discharged.