BOYNTON v. MILMO et al.     (No. 6316.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 21, 1920. Rehearing denied Feb. 18, 1920.)

1. EASEMENTS ⬤⟳61(9)—EVIDENCE ENTITLING PLAINTIFFS TO INJUNCTION AGAINST DEFENDANT CLAIMING TITLE TO ALLEY.

In suit by plaintiffs, who owned lot 16 and a portion of lot 15, and who alleged that they were entitled to the use of an alley taken from a portion of lot 15, against defendant, who claimed that he was the owner of the alley and who had moved a house thereon, held, that the court was warranted in granting preliminary temporary injunction.

2. INJUNCTION ⬤⟳133—STATUS OF PROPERTY MAY BE RESTORED BY MANDATORY INJUNCTION.

The status of property may be restored by temporary mandatory injunctions during the pendency of suits, while it is not the function of preliminary injunctions to transfer possession of the property, but mandatory injunctions will be granted in extreme cases upon such hearing.

3. HOMESTEAD ⬤⟳177(2)—ACTS AND DECLARATIONS OF PREDECESSOR ESTOP DEFENDANT FROM ASSERTING HOMESTEAD RIGHT IN ALLEY.

Where owner of lots, who had become insolvent and made an assignment of his estate, recognized conveyance made by his assignee, which conveyance called for the strip in question as an alley boundary of the lot, held, that the owner and his wife, as well as those holding under them, were estopped to claim a homestead right in the alley.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Patricio Milmo and others against Alexander Boynton. Temporary writ of injunction granted, and defendant appeals. Affirmed.

F. H. Wash and T. F. Mangum, both of San Antonio, for appellant.
W. W. King, of San Antonio, for appellees.

COBBS, J. This suit was instituted by appellees, praying for a temporary writ of injunction to issue, alleging that they, being the owners of lot No. 16 and the east portion of lot 15, having a front on Tenth street of 90 feet and depth of 123.86 feet, were entitled to the use of a certain alley taken from the west portion of lot No. 15, fronting 11.86 feet on Tenth street, with a depth of 123.86 feet; that the said alleyway had been duly dedicated to the city of San Antonio.

It was further alleged that appellant, without the consent of appellees, entered upon said alleyway, removed fences along the west line of the same, and is now moving on the said property a building with the intention and purpose of appropriating said alley to his own use and benefit.

The appellant, having been duly cited to show cause why the said writ should not issue, appeared and filed a full and complete answer, containing exceptions, general and special, and general denial. He denied that the property was ever dedicated as an alley to the city of San Antonio or that it accepted the same, and alleged that he purchased it without any knowledge of any such claim, after having had the title to the same investigated by a competent attorney at law. He also answered that Sam Maverick and his wife, Sallie Frost Maverick, owned several lots on Avenue C, Tenth street, and Avenue D, including the lots claimed by appellee in her petition; that lot 16 and the eastern portion of lot 15 together had a frontage on Tenth street of 90.02 feet, upon which Sam Maverick and his wife erected a home, and said lots became the homestead of Sam Maverick and wife, and up to the time of the deed by Sam Maverick and his wife was, and had been for a long time prior thereto, used as the homestead of Sam Maverick and

his wife, and that they never conveyed said lots to any person by joint deed; that appellees and those under whom they hold took a deed from Reagan Houston, the assignee of Sam Maverick alone.

Appellant further alleged that while negotiating for the purchase from Sam Maverick of certain lots and the part of lot 15 adjacent to the so-called alleyway, he procured an abstract of title covering said portion of lot 15, together with other lots, and upon the advice of his lawyer purchased from Sam Maverick and the heirs of Sallie Frost Maverick the said property in controversy; that the abstract of title furnished, according to his attorney's advice, a good title, showing also the payment of taxes by Sam Maverick upon all of said property, and at the time he purchased said property an inspection showed that the said alley had no evidence of recent use—was grown up in weeds, grass, small trees, and brush.

Sallie Frost Maverick had never abandoned, up to the time of her death, her claim to the land in controversy and the use of it as a homestead.

Appellant alleged that he was the purchaser of the alley for a valuable consideration, in good faith and without notice of any adverse claim; that he had entered into the possession of the same and moved a two-story house thereon, and the house is in the position in which he intends for it to remain and was in such position when the plaintiff filed his suit; and that he has no intention whatever of moving said house any further into said alley. It occupies a space of about two-thirds of the way across said alley, consisting of a large two-story frame residence.

Since the filing of plaintiff's suit and the service of notice of injunction, appellant has had to lay off all of his hands and the contractor employed to put such house in condition for occupancy, and he has lost the reasonable value of the rent of said house and will continue to do so in case the temporary injunction is made permanent.

The appellees filed a first supplemental petition, and among other things denied that said property was ever the homestead of Sam Maverick and his wife.

It is alleged that on or about the 6th of February, 1893, Sam Maverick, through Reagan Houston, his assignee, sold and conveyed to Henry Small all of lot 16 and a part of lot 15 in block 454, and among other descriptions of said lot it was described as running along said alley; that the said deed called for said alley in the description, and the said alley afforded the only back entrance to six stores which were built by Maverick upon property conveyed to Henry Small and by him conveyed to plaintiff, and the stores would be worthless as business property without the alley entrance.

It is further alleged that Henry Small, Sam Maverick, and his assignee represented the property had been laid out and dedicated as an alley for the use of said stores and that the city of San Antonio has ever since so recognized it, and during the year 1899 the said Sam Maverick caused the alley to be delineated upon official maps for the city of San Antonio, and the appellees aver they have held the peaceable, continuous, and adverse possession of the property in controversy using and enjoying the same together with the general public as an alley for more than 30 years, and appellant's claim, if any, is barred by the statute of limitation of 10 years.

The case coming on for hearing, the court did, on the 29th of July, 1919, hear all of the evidence pro and con. It seems to have been a complete investigation of the entire case, developing all of the facts as though the same had been on regular trial.

[1] Appellant has presented a number of assignments, but from the view that we take of this case we shall only consider the question as to whether or not the court was justified in issuing the temporary injunction.

According to the answer of appellant and indeed the facts show that the house moved upon the alley was not to be further moved thereupon and that no further injury than already committed was contemplated.

The facts in this case show that Sam Maverick was the owner at one time of all the lots described in the controversy between Avenues C and D fronting on Tenth street, numbered 6, 7, 8, 14, 15, and 16, upon which for many years he had resided, having his improvements west of the alley. The little alley was taken from the west side of lot 15 fronting on Tenth street, running back for distance to another large alleyway in said block between lots 13, 14, 15, and 16 in said block. The map was so constructed originally as to front lots 14, 15, and 16 on Avenue C; the balance of said block fronting on Avenue D. Reagan Houston, assignee, sold lots 15 and 16, but described them, also giving the distance between Avenue D and this little narrow strip, so that thereafter lots 15 and 16 were made to front on Avenue D and Avenue C, and run back to said alleyway. A map or sketch showing said lots in that position was offered in evidence.

Sam Maverick, becoming insolvent, made a general assignment of all of his estate to Reagan Houston as assignee, but before he failed he had built stores and improvements on lots 15 and 16, as stated, and this alleyway had been used by himself as a thoroughfare and also by his vendees for getting to the rear of the improvements, and was at the same time used by Maverick in getting into his property west of said alleyway; the said alleyway having been fenced by him through-

out its short distance. He used it in connection with his homestead in getting in and to its improvements, garden, lot, stable, and flower garden; he having a nursery west of the lot. After the death of his wife he and the heirs conveyed the property to Alexander Boynton, the appellant herein.

There was testimony introduced by both parties as to the homestead rights of Sam Maverick in the lot, its dedication to the city, and the use to which it was put. These are all issues pertaining to the ultimate disposition of the property that properly arise in suits for the recovery of real estate, or in the establishment against the grantor the dedication for public use of property in controversy, or in opening streets and alleys, yet must be taken in consideration in passing upon the facts in this preliminary hearing. Indeed, in passing upon this case it is necessary to carefully examine all the facts and the law raised and presented under every assignment, and this we have done without discussing each.

The appellant, in his second assignment of error, complains that the court erred in granting the mandatory injunction.

[2] The status of property may be restored by temporary mandatory injunctions during the pendency of suits, while it is not the function of preliminary injunctions to transfer possession of property, but mandatory injunctions will be granted in extreme cases upon such hearing. It will be granted when a serious probable right is threatened and a probable danger is shown. Hodges v. Christmas, 212 S. W. 827; Cartwright v. Warren, 177 S. W. 199; Jeff Chaison Town Site Co. v. McFaddin, Wiess & Kyle Co., 56 Tex. Civ. App. 611, 121 S. W. 721; Ort v. Bowden, 148 S. W. 1147; Simms v. Reisner, 134 S. W. 280; City of San Antonio v. Hamilton, 180 S. W. 162.

We do not believe under the facts proven there was any dedication of the strip of land to the public generally. The evidence tended to show that Sam Maverick estopped himself to claim the strip of land to the purchasers, those under whom appellee holds; that he recognized the conveyance made by his assignee, Reagan Houston, calling for the strip as an alley boundary of the lot. He assisted Reagan Houston in making the sale to the purchasers, and on account of the convenience of the approach in the rear of the improvements demanded an increase in price of the lots.

While the strip of land at the time of appellant's purchase showed little general use and perhaps but little use by the public, yet there was evidence of its existence. It was fenced off to itself and used many years by Maverick in connection with his homestead, and in connection with the use by his tenants for whom and his own private use it was created. There was patent evidence on the ground of its existence. There was in the public records of the city a map showing this space delineated thereon, not perhaps sufficient to establish a dedication, but sufficient in connection with the calls in the deeds recorded in the deed records of Bexar county to put appellant upon notice and warn him that those abutting on this alleyway had rights thereto that could not be disregarded.

[3] We are inclined to believe that the acts and declarations of Maverick estopped his wife, as well as himself, and those holding under them to claim a homestead right against the purchasers from his assignee. Randall v. Railway, 63 Tex. 586. This would not apply as to her separate estate. Ry. v. Hall, 24 S. W. 325. For many years this alleyway was segregated from their homestead by fencing it off for the benefit of tenants as well as for their own convenience and use. The stores were made to front on Avenue D so as to run back to the alleyway, which could not have been done except to one lot fronting on Avenue C, which in this way made the property, no doubt, more valuable as well as more available as rental property, securing six stores with front and rear entrance, and was used for the purposes of renting instead of wholly homestead purposes.

We therefore overrule all the assignments of error, and affirm the judgment of the court in granting the preliminary temporary injunction.

Judgment is affirmed.