## COLBY v. OSGOOD.  (No. 1841.)

(Court of Civil Appeals of Texas. Amarillo. April 26, 1921.)

**1. Courts ⊜⇒27—Powers of courts preliminary to final adjudication stated.**

Ordinarily courts can proceed to enforce a plaintiff's rights only after a trial on the merits, their power preliminary to the final adjudication being limited to the preservation of the subject-matter, the maintenance of the status, and issuance of extraordinary writs such as attachment, etc., for the purpose of securing an effective adjudication and enforcement of the rights of the parties after such adjudication.

**2. Injunction ⊜⇒133—Mandatory injunction requiring vendor's lessee to give purchaser possession pending adjudication on merits unauthorized.**

In purchaser's action against vendor's lessee to recover possession of the premises, the court was not authorized to issue a mandatory injunction on a preliminary hearing requiring lessee to give purchaser possession pending adjudication on the merits.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Suit by Arthur Osgood against J. G. Colby. From an order granting a mandatory injunction on a preliminary hearing, the defendant appeals. Order set aside.

Hugh L. Umphres, of Amarillo, for appellant.

C. E. Gustavus, of Amarillo, for appellee.

BOYCE, J. This is an appeal from a mandatory injunction granted on a preliminary hearing. It was alleged in the petition in the suit filed by appellee Osgood against appellant Colby: That the plaintiff was the owner of a certain lot in the city of Amarillo, on which was located a dwelling house and other improvements; that the plaintiff had purchased said property from one Henry Kidd, about March 1, 1921; that at the time of the purchase the defendant was occupy-

ing said premises under lease for monthly terms ending on the 26th day of each month; that plaintiff had a large family, one member thereof was an invalid, and he was in pressing need of a residence that would furnish suitable living accommodations; that defendant, knowing that plaintiff contemplated the purchase of said property and would want immediate possession thereof, informed the plaintiff that in case plaintiff purchased the same he would vacate the premises by April 1st; that plaintiff was induced to purchase the property under such circumstances; that thereafter the defendant began to make excuses and finally refused to give possession of said property, either on March 26th or on April 1st, as he had promised, insisting on remaining in the house indefinitely; that the plaintiff, on March 19th, made formal written demand for the possession of said property on the expiration of the rental month; that defendant has paid no rents on the property for any time after March 26th and is a trespasser thereon, without legal claim of any right to occupy the same; that the plaintiff desires to repair and improve the premises by planting trees in the yard, putting in a garden, painting the house, etc.; that the season for planting is at hand; that all of such purposes are being thwarted by the defendant's continued occupancy of said premises, to plaintiff's irreparable injury; that the plaintiff has no adequate remedy at law because the defendant has threatened to and will delay any proceedings which plaintiff might institute for the possession of said property; that defendant would appeal from any judgment rendered in a forcible entry and detainer suit or give a replevy bond in the event of sequestration of the property, in a suit for possession; that by such dilatory proceedings the defendant would be enabled to remain in possession of the property for a considerable length of time, to plaintiff's irreparable injury. The prayer is that a temporary mandatory injunction be issued, requiring the defendant to vacate the premises and that on final hearing the temporary injunction be made permanent. A hearing was had on the application for injunction on one days' notice to the defendant, who appeared at the hearing and, answering only for the purpose of such preliminary hearing, demurred generally and specially. Upon such hearing the district judge entered an order which commanded the defendant to vacate the said property within 10 days from the date of said order and restrained him from continuing beyond said period of time in the use, occupancy, and possession of said premises.

[1] The question for decision is as to the right of the trial court to transfer the possession of said premises from the defendant to the plaintiff, pending the decision of their rights in a regular trial. The petition shows a right, on the part of the plaintiff, to the possession of the premises, and an inexcusable violation of this right by the defendant. But a good petition in every lawsuit shows a right in the plaintiff and a corresponding wrong committed by the defendant. In the ordinary case the courts can proceed to the enforcement of the plaintiff's rights only after a trial had in the manner prescribed by the laws of the land, which involves due notice, the right of a trial by jury, etc. Preliminary to such an adjudication, the power of the court is generally to preserve the subject-matter of the litigation, to maintain the status, or issue some extraordinary writs provided by law, such as attachments, etc. None of these powers, however, are exercised on the theory that the court should, in advance of the final adjudication, determine the rights of the parties in any summary way and put either of them in the enjoyment thereof; but such actions are taken merely, as means for securing an effective adjudication and enforcement of the rights of the parties after such adjudication. The delay in the decision of the rights of litigants in many cases works a hardship. These the law seeks to compensate by allowing interest, damages, etc., but such compensation is often inadequate, yet a showing of the inadequacy of the relief that the law might give for the delayed enforcement of the right does not authorize the court to disregard the right of the defendant to an orderly trial of the case. These considerations have led some of the courts to announce that a mandatory injunction will never be granted on preliminary hearing, but it is now well settled that there are cases in which mandatory injunctions will be granted though there is some difficulty in stating the general principles that control in such cases.

The cases, so far as we have been able to examine them, when properly understood, are not in conflict with the general principles we have already stated as controlling the preliminary proceedings in a case. The following quotations from two eminent authorities furnish the most satisfactory statement of the principles upon which the courts have proceeded in granting preliminary mandatory injunctions that we have examined. In High on Injunctions (4th Ed.) § 5, it is said:

"It is to be constantly borne in mind that in granting temporary relief by an interlocutory injunction, courts of equity in no manner anticipate the ultimate determination of the questions of right involved. They merely recognize that a sufficient case has been made out to warrant the preservation of the property or rights in issue in statu quo until a hearing upon the merits."

In section 5a it is said:

"Since the object of a preliminary injunction is to preserve the status quo, the court will not grant such an order where its effect would be to

change the status, * * * and by the status quo, which will be preserved by preliminary injunction, is meant the last actual, peaceable, noncontested condition which preceded the pending controversy, and equity will not permit a wrongdoer to shelter himself behind a suddenly and secretly changed status, although he succeeded in making the change before the hand of the chancellor has actually reached him. And where, before the granting of the injunction, the defendant has thus changed the condition of things, the court may not only restrain further action by him, but may also, by preliminary mandatory injunction, compel him to restore the subject-matter of the suit to its former condition, and in so doing the court acts without any regard to the ultimate merits of the controversy."

These sections make clear what is said in section 14:

"Nor should a court, by preliminary, mandatory injunction, transfer the possession of real estate from the defendant to the plaintiff. Where, however, defendant's possession is but an interruption of the prior and lawful possession of plaintiff, whose right is clear and certain, equity may interfere without compelling plaintiff to establish his title by an action at law."

See, also, to the same effect, section 356.

A statement by Justice Field in the case of Cole Silver Mine Co. v. Virginia Water Co., 1 Sawy. 685, Fed. Cas. No. 2,990, which is frequently quoted with approval, conveys the same idea. Judge Field says:

"Undoubtedly, the general purpose of a temporary injunction is to preserve the property in controversy from waste or destruction or disturbance until the rights and equities of the contesting parties can be fully considered and determined. Usually this can be effected by restraining any interference with it, but in some cases the continuance of the injury, the commencement of which has induced the invocation of the authority of a court of equity, would lead to the waste and destruction of the property. It is just here where the special jurisdiction of the court is needed—to restore the property to that condition in which it existed immediately preceding the commencement of the injury, so that it may be preserved until final decree."

Many authorities, including a number of decisions of our own courts, might be cited as sustaining the foregoing statements of the law. We cite the following: Ort v. Bowden, 148 S. W. 1145; Chaison v. McFaddin, 56 Tex. Civ. App. 611, 121 S. W. 716; McFaddin v. Wiess, 168 S. W. 489; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42; Simms v. Reisner, 134 S. W. 278; Hodges v. Christmas, 212 S. W. 825; Montgomery v. Lumber Co., 139 S. W. 1015; Boynton v. Milmo, 218 S. W. 510; Obets v. Speed, 211 S. W. 316; Pokegama S. P. Co. v. Klamath River Lumber Co. (C. C.) 86 Fed. 538; Note 36 L. R. A. (N. S.) 35; Murdock's Case, 2 Bland (Md.) 461, 20 Am. Dec. 386, and note pages 394–402.

[2] We have been cited to no case, and have found none ourselves, like the present, where the existing status was changed in anticipation of the final determination of the right asserted by the plaintiff, and are of the opinion that the action of the trial court, in granting the mandatory injunction, cannot be sustained. We need not decide as to the propriety of proceeding by injunction in any event to secure possession of the property under the facts of this case. Many authorities deny that this is the appropriate remedy.

The order granting the mandatory injunction will be set aside.