**DILWORTH v. BUCHANAN. (No. 255.)**

· (Court of Civil Appeals of Texas. Waco.
June 11, 1925.)

**I. Appeal and error** ⊜⟹954(1, 4)—**Injunction**
⊜⟹135, 161—**Granting or refusing tempo-
rary injunction or dissolving or refusing to
dissolve same, discretionary, and not revised
except for apparent abuse.**

Granting or refusing temporary injunction,
or dissolving or refusing to dissolve such in-
junction is largely discretionary and will not
be revised except for apparent abuse.

**2. Injunction** ⊜⟹136(2)—**Refusal to tempo-
rarily restrain obstruction of passageway be-
tween tracts held not abuse of discretion,
where plaintiff had adequate remedy at law.**

Where plaintiff owned two tracts used for
pasturage, feed being on one and water on the
other, and which were unconnected except for a
strip 8 feet wide along edge of intervening
tract claimed by both plaintiff and defendant,
refusal to temporarily restrain obstruction of
strip by defendant, sought on ground that plain-
tiff had exclusive prior possession by virtue of
fence erected less than month prior, *held* not
abuse of discretion, especially where plaintiff
had adequate remedy at law, either by forcible
entry and detainer or by trespass to try title,
and in damage suit.

Appeal from District Court, McLen-
nan County; Sam R. Scott, Judge.

Suit by T. M. Dilworth against O. M. Bu-
chanan. Judgment for defendant, and plain-
tiff appeals. Affirmed.

Nat Harris and Jno. B. McNamara, both
of Waco, for appellant.
·Bryan & Maxwell, of Waco, for appellee.

GALLAGHER, C. J. This is an appeal
from an order denying a temporary injunc-
tion. Appellant, T. M. Dilworth, is the owner
of a tract of land of approximately 30 acres,
lying, in part at least, along a public road.
Appellee, O. M. Buchanan, is the owner of
a tract of land lying parallel thereto and im-
mediately east thereof, containing approxi-
mately 20 acres. Appellant owns another
tract of land lying immediately east of appel-
lee's land, containing about 100 acres. This
tract is bounded in part by a public road. All
three tracts are bounded on the north by
private property, which the evidence shows
is fenced, and through which it appears in-
gress and egress to said three tracts, or any
of them, cannot be had. Appellee's land is
approximately 127 varas wide. There is a
fence on the south, running from east to
west. Appellant's west tract and a part of
his east tract are bounded on the south by
this fence. The land in controversy is a
strip about 8 feet wide, bounded on the west
by appellant's west tract, on the south by
said fence, and on the east by appellant's
east tract. Both appellant and appellee

claim this strip. According to appellee's con-
tention, his tract of land runs to said fence
on the south and includes said strip, but
according to appellant's contention appel-
lee's land runs only to the north line of
said strip, and lacks 8 feet of reaching said
fence. While appellee's tract does not touch
a public road on any side, there is testimony
tending to show that he has ingress and
egress from the south across this disputed
strip, and that the same is, under present
conditions, the only practical way for such
ingress and egress. It seems there had been
at some prior time division fences separating
appellee's tract from appellant's tracts on
each side thereof, but that said fences had
been permitted to get out of repair, and that
the same were down in places, so that stock
could pass to and fro from appellant's tract
on the east to his tract on the west, and es-
pecially that they could so pass over the
8-foot strip here ·in controversy. How long
this condition had continued is not disclosed.

Somewhere between 10 days and a month
before the acts of appellee herein complain-
ed of, appellant built a fence along the north
line of said strip, joining the same to old
fences on the east and west sides of appel-
lee's tract, and making a lane 8 feet wide
and 127 varas long, which lane connected his
said two tracts of land. · Such lane also cut
appellee off from access to his land from the
south. Appellee, after the expiration. of said
period of time, tore said fence down and
removed it from the land claimed by him,
·and at the same time repaired the fences on
both sides of his said tract of land, and
joined said fences to said fence on the south,
thus separating appellant's said two tracts
of land, and effectively preventing stock from
passing from one of said tracts to the other.
Appellant then instituted this suit, alleg-
ing that he was the owner of said strip of
land, that he was in peaceable possession of
the same, and that appellee had, in the man-
ner and by the means aforesaid, unlawfully,
willfully, and maliciously, and with force
and arms, entered upon said strip and eject-
ed him therefrom. For a showing of irrep-
arable damage, appellant alleged that both
his tracts were pasture land, and that he
had about 15 head of cattle thereon; that
the west tract was better for grazing, while
the east tract bordered on the Bosque riv-
er, which at that time was his only available
supply of stock water. He also alleged that
his feed for said cattle was situated on said
east tract. Appellant prayed for a tempo-
rary mandatory injunction, requiring appel-
lee to remove his fences from the east and
west ends of said strip, respectively, and re-
straining him from trespassing thereon or
excluding appellant therefrom. His prayer
for relief on final hearing was that said man-
datory injunction and restraining order be

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made perpetual, that. he be awarded possession of said property, that he recover his costs and have general relief.

Appellee, answering said application for injunction, specially denied that appellant owned said disputed strip of land, and alleged affirmatively that he was the owner thereof. Based on said claim of ownership, he denied that his acts in the premises were willful or malicious, or that they constituted a trespass upon appellant's property, and further denied that appellant had suffered any damage from such acts, all of which he claimed were lawful and justified by his alleged ownership of said strip of land. The pleadings of both parties were duly verified. There was a hearing before the court on said pleadings. and on oral evidence introduced by appellant, in substance, as indicated above. There was also evidence that appellant's west tract was piped for a supply of water from the city waterworks system, but that the use of such supply was attended with some inconvenience from trespassers. There was no evidence introduced at said hearing with reference to the title to said strip of land. There was no contention that appellee was insolvent or that he could not for any reason be made to respond in damages for any injuries appellant might suffer during the pendency of the suit from the situation complained of. The court after such hearing refused to grant the injunction prayed for, and this appeal is the result of such refusal.

[1] Granting or refusing a temporary injunction or dissolving or refusing to dissolve such injunction rests largely within the sound discretion of the trial court, and will not be revised unless it is apparent that such discretion was abused. Meyer v. Cockcroft, 273 S. W. 665, recently decided by this court, and authorities there cited.

[2] Appellant bases his claim for injunctive relief herein solely on his prior possession. He contends that the acts of appellee in the premises were a forcible invasion of such possession, and that the court should have granted him the relief prayed for, thus preserving the status existing at the time appellee committed such acts. He cites in support of his contention the following cases: Hodges v. Christmas (Tex. Civ. App.) 212 S. W. 825; Montgomery·County, etc., v. Miller-Vidor Lumber Co. (Tex. Civ. App.) 139 S. W. 1015; Simms v. Reisner (Tex. Civ. App.) 134 S. W. 278; Boynton v. Milmo (Tex. Civ. App.) 218 S. W. 511; Hill v. Brown (Tex. Civ. App.) 225 S. W. 780; Jeff Chaison, etc., v. McFaddin, Wiess & Kyle Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716. The rule announced in said cases is succinctly stated in Simms v. Reisner, supra, as follows:

"An injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property, and it is not the function of a preliminary injunction to transfer the possession of land from one person to another pending an adjudication of the title, except in cases in which the possession has been forcibly or fraudulently obtained by the defendant and the equities are such as to require that the possession thus wrongfully invaded be restored, and the original status of the property be preserved pending the decision of the issue of title."

In the case quoted from, and also in the case of Hodges v. Christmas, supra, the action of the trial court granting a temporary injunction was reversed on appeal. · In Simms v. Reisner, supra, and Montgomery County, etc., v. Miller-Vidor Lumber Co., supra, the refusal of an injunction by the trial court was affirmed on appeal. In Hill v. Brown, supra, the trial court granted a temporary injunction, and such action was affirmed by the Court of Civil Appeals, but reversed by the Supreme Court on writ of error. Hill v. Brown (Tex. Com. App.) 237 S. W. 252.

In Jeff Chaison, etc., v. McFaddin, etc., Co., supra, where the granting of a temporary injunction was sustained on appeal, it was shown that the possession of the complainants had its origin, either in actual consent of the owners, or in acquiescence on their part with actual knowledge of the facts; that such possession had been enjoyed continuously and peaceably for a space of 3 years: that large sums had been expended in reliance on the continuance of such possession; and that a large number of persons not parties to the suit would be seriously damaged if the injunction granted was not sustained. In Boynton v. Milmo, supra, the action of the trial court, in granting a temporary injunction to protect a private easement which had been used and enjoyed for many years, was affirmed on appeal.

In this case the exclusive prior possession relied on by appellant had its origin in the building of his fence along the north line of the disputed strip, and had continued only from 10 days to a month. If it should be found that appellee's land extended to the south fence, as claimed by him, the building of said fence by appellant was in itself a trespass. The injury resulting from the acts of appellee, if the same were unlawful, as contended by appellant, was such as could be adequately compensated for by an award of damages. We are also of the opinion that appellant had an adequate remedy at law, either by forcible entry and detainer, or by trespass to try title, with sequestration proceedings in aid thereof, by which his ultimate rights, if any, could be established and enforced with reasonable promptness; any necessary delay being compensated for by an award of damages as aforesaid. Hill v. Brown (Tex. Com. App.) 237 S. W. 252, 255.

Whether appellant showed such equities as

to require that the possession of the disputed strip should be restored to him, and his possession thereof preserved pending the decision of the issue of his right thereto, was primarily a question for the trial court. He decided such issue against appellant, and refused to interfere by injunction. We cannot say that he abused his discretion in doing so, and his action in the premises is affirmed.