## ALLEN & YARBROUGH v. TEXAS & P. RY. CO. (No. 2154.)

Court of Civil Appeals of Texas. El Paso. June 7, 1928.

**1. Injunction ⬡➔46—Injunction does not lie for commission of trespass, unless state of facts renders remedy at law inadequate.**

Equity will not restrain by injunction commission of mere trespass, unless state of facts renders remedy at law inadequate, or some other condition requires equitable interference and relief, since equitable remedy of injunction is not to be substituted for statutory action of trespass to try title.

**2. Injunction ⬡➔163(1)—Temporary injunction restraining railroad from removing fence and erecting same on plaintiffs' land held properly dissolved, where remedy at law was adequate.**

Temporary injunction restraining railroad company from removing its fence and erecting same on plaintiffs' land *held* properly dissolved, where plaintiffs' remedy at law was adequate.

**3. Injunction ⬡➔134—In doubtful cases, court will consider comparative hardship ensuing from granting or denying injunction.**

In doubtful cases, court will consider comparative inconvenience or hardship which will ensue from granting or denying injunction.

Appeal from District Court, Ector County; Chas. L. Klapproth, Judge.

Suit by Allen & Yarbrough against the Texas & Pacific Railway Company to enjoin defendant from removing a fence and erecting same on plaintiffs' land. A temporary injunction was issued, but was later dissolved, and plaintiffs appeal. Affirmed.

Blair & Smith, of Odessa, for appellants. John B. Howard, of El Paso, for appellee.

HIGGINS, J. Appellants brought this suit against appellee, alleging that they were possessed of certain described lands in Ward, Crane, and Ector counties across which the defendant's line of railroad runs; said railroad right of way is inclosed by a fence 50 feet on each side of the railroad center line; defendant is about to remove its northerly fence 50 feet to the north, thereby inclosing part of plaintiffs' land and depriving them of the use, occupation, and possession thereof; plaintiffs have no adequate remedy at law; an action for damages is inadequate because such damages would be conjectural in that plaintiffs have executed oil and gas leases upon the lands and have executed deeds and assignments of mineral royalty interests in the lands, all of which interests so transferred are of speculative and conjectural value; the threatened action of defendant will exclude plaintiffs, their said lessees and assignees, from the land which defendant proposes to inclose in its right of way, and the damages occasioned cannot be readily assessed nor determined without a multiplicity of suits.

An injunction was sought restraining defendant from moving its fence and erecting same on plaintiffs' land. A temporary injunction was issued as prayed.

Defendant answered under oath and moved to dissolve, setting up that it was the owner of the land which it sought to inclose, having acquired same as a right of way under articles 6317 and 6319, R. S.; that it acquired such right of way at the time the land was vacant school land and had paid taxes on same since 1881; that it was able to respond in damages; that, by reason of enormous business occasioned by oil development and activity in that section, it needed the 50 feet it was seeking to inclose for tracks and switches, and the injunction issued was causing it great expense.

Upon hearing of the motion the temporary injunction was dissolved.

Appellee is asserting title to the 50-foot strip and is undertaking to inclose the same as a right of way under claim of right.

[1] Equity will not restrain by injunction the commission of a mere trespass, unless there be present a state of facts rendering the remedy at law inadequate or some other condition which requires equitable interference and relief. The equitable remedy of injunction is not to be substituted for our statutory action of trespass to try title. 14 R. C. L. tit., "Injunctions," §§ 143–148; 32 C. J. tit. "Injunctions," §§ 175, 177, 178, 180; Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Dilworth v. Buchanan (Tex. Civ. App.) 275 S. W. 177.

[2] The hearing upon the motion to dissolve developed no facts justifying equitable interference. Appellants' remedy at law is entirely adequate and for this reason alone the injunction was properly dissolved. Especially is this true in view of the undisputed testimony of appellee's general road master, as follows:

"As to whether there has been any oil development between those points—Colorado City and Pecos, say—and as to the Texas & Pacific han-

dling any oil business between those points: Been handling quite a bit of oil out of Pyote, Wickett, and Monahans. As to my reason of the increase of business: It has become necessary to extend our right of way and tracks; we constructed thirteen passing tracks between Colorado and Pyote in addition to storage tracks and wye at Duero; storage tracks at Monahans, and now constructing storage tracks at Pyote. * * * Yes; it would seriously interfere with the operation of the railroad in the event we could not move this fence as contemplated."

[3] Bearing in mind the rule that in doubtful cases the court will consider the comparative inconvenience and hardship which may ensue from granting or denying an injunction (Jeff Chaison Townsite Co. v. McFaddin, etc., 56 Tex. Civ. App. 611, 121 S. W. 716; North v. Atlas Lime Co. [Tex. Civ. App.] 2 S.W.[2d] 956), and considering the evidence quoted, we think the discretion vested in the trial court was properly exercised in dissolving the injunction.

Affirmed.