**WOMAN'S CLUB OF YSLETA v. HUTCHINS.**

No. 2554.

Court of Civil Appeals of Texas. El Paso.
June 25, 1931.

Vowell & Vowell, of El Paso, for appellant.

Isaacks & Lattner, of El Paso, for appellee.

HIGGINS, J.

Appellant, a corporation, brought this suit against the appellee, the petition setting up the following: Plaintiff has been in peaceful possession for a period of five years, under deeds from W. Cooley and others, of lots 20, 21, 22, and 23, in block 22, of West Ysleta, fronting, 128.34 feet on the Ysleta-El Paso county road, and has erected permanent and valuable improvements thereon, consisting of a clubhouse building. About four years before, it erected a fence on the dividing line upon the plaintiff's property and land claimed by defendant. Between the club building and the fence, plaintiff planted trees, flowers, and shrubs near the fence; it also constructed an irrigation ditch near the fence, and at great expense had installed a cesspool and sewerage system. About July 15, 1930, defendant unlawfully, willfully, and with intent to gain an advantage over the plaintiff in the controversy between him and plaintiff over a strip of land inside the fence, destroyed and removed the fence and placed it approximately ten feet over on the land claimed and possessed by plaintiff; that defendant acted without authority of law and in violation of the criminal statutes of the state, and did it for the purpose of injuring plaintiff, and for the purpose of compelling plaintiff to institute and prosecute a suit in trespass to try title, while knowing it was incumbent upon him to institute such proceedings if he claimed any land within plaintiff's inclosure; that the fence, as now placed, leaves the shrubbery, flowers, trees, cesspool and sewerage system outside of plaintiff's possession, and, if same be permitted to remain out of such inclosure, all of such property will be destroyed. It was further averred the plaintiff had been irreparably damaged thereby in the sum of $1,000, and that it had no adequate legal remedy.

Judgment was prayed for a writ of injunction ordering, directing, and compelling defendant to restore the fence and put it back where it originally was, and that defendant

be compelled to restore the property to the condition it was aforesaid, and for judgment in the sum of $1000.

Defendant answered by exceptions general and special, and special denials, substantially, as follows: Denied that the fence as originally situated was on the line between plaintiff and defendant's land; denied the allegations of the unlawful and wrongful trespass. He further set up that prior to the removal of the fence there was a question as to the location of the dividing line between the property of the plaintiff and defendant, and defendant had the county surveyor of El Paso county to survey and establish the line between the properties, which the surveyor did, and placed iron stakes at either end of the line, and thereafter the defendant placed the fence on his own land along the line established by the surveyor.

Upon trial without a jury, judgment was rendered denying plaintiff the relief sought.

The evidence is undisputed. Briefly stated, it shows that plaintiff is the owner and entitled to the possession of the lots described in its petition, and defendant is the owner of lot 24, immediately west of and adjoining lot 23. It shows that the controversy arises over the true location of the boundary line between said lots 23 and 24, and that prior to the removal of the fence the defendant had his line twice surveyed and marked by the county surveyor, and that the defendant had removed the fence about dark one day and had placed the same upon the line established by such surveyor.

There can be no doubt that the controversy is solely over the true location of the boundary line in dispute. The plaintiff offered no evidence upon that issue. The only evidence upon the issue is that of the defendant that he had the line twice surveyed by the county surveyor who fixed the same at the point he placed the fence.

Plaintiff has a clear, adequate, and complete remedy at law by action in trespass to try title and sequestration. In such cases, a court of equity will not grant injunctive relief. Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Jowell v. Carnine (Tex. Civ. App.) 20 S.W.(2d) 1087, and cases there cited.

The equitable remedy of injunction is not to be substituted for the action of trespass to try title.

Allen & Yarbrough v. T. & P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 1102, and authorities there cited.

Again, "Mandatory injunctions will never be granted unless extreme or very serious damage at least will ensue from withholding that relief; and each case must of course depend on its own circumstances." 16 Am. & Eng. Ency. Law (2d Ed.) 342, quoted

with approval in Southwestern Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049, 1052."

Plaintiff is here attempting to invoke the equitable remedy of injunction when it has a clear, adequate, and complete remedy at law. It is attempting by mandatory injunction to recover the possession of land taken by defendant under claim of right, and no sufficient reason shown which would justify resort to such injunctive relief. The relief sought by plaintiff was properly denied under the authorities cited.

Affirmed.