## TEXAS CO. v. WATKINS.

### No. 1557.

Court of Civil Appeals of Texas. Waco.
April 4, 1935.

Rehearing Denied May 23, 1935.

Wm. K. Hall, of Houston, for appellant.

O. F. Watkins and H. L. Kidd, both of Mexia, for appellee.

GALLAGHER, Chief Justice.

This is an appeal from an order of the district court granting a mandatory temporary injunction.

Appellee, Owen F. Watkins, filed this suit in the district court against appellant, the Texas Company, a corporation, and in his petition alleged, in substance, that one Dilcy Harris Smith had theretofore executed and delivered to him an order, addressed to the Stanolind Crude Oil Purchasing Company, directing it to pay to him all royalties due or to become due to her according to the books of said company out of the George Harris tract, or any other tract of land in the Mexia oil field, from and after December 1, 1932, until the sum of $200 had been paid to him; that said Stanolind Crude Oil Purchasing Company was then purchasing all oil runs from said George Harris tract; that it ratified and confirmed said order, and in pursuance thereof paid to him monthly the royalty interests of said Dilcy Harris Smith from January, 1933, to October of said year, inclusive; that said payments amounted in the aggregate to the sum of $53.46, leaving the sum of $146.54 due him by the terms of said order.

Appellee further alleged that during the month of September, 1933, said Stanolind Crude Oil Purchasing Company entered into a contract with the Humble Oil & Refining Company, by the terms of which it agreed to purchase the production from said oil field and to make payment therefor to the several parties entitled thereto, according to the books of Stanolind Crude Oil Purchasing Company; that shortly thereafter said Humble Oil & Refining Company entered into a contract with appellant for the purchase by it from appellant of certain oil in the Mexia oil field, including the royalty interest of said Dilcy Harris Smith, and agreed to pay the consideration therefor to appellant on a

100 per cent. division order; that appellant thereby bound itself to pay out of the moneys so received under said contract the claims of all parties interested in said oil according to the books of said Stanolind Crude Oil Purchasing Company; that by reason of such contract, appellee's order as aforesaid became a valid claim and demand against appellant; that appellant had theretofore received moneys from the sale of said oil under such contract and had refused to recognize appellee's order or claim, and had threatened to pay the sums due appellee under such order to other parties not legally entitled to receive the same, and would do so unless restrained; that appellee had no adequate remedy at law and would suffer irreparable injury unless the court granted an injunction.

Appellee prayed for the immediate issuance of a writ of injunction, commanding appellant to pay to him forthwith such sum or sums in its hands due and payable out of the Dilcy Harris Smith Royalty interest out of the George Harris tracts of land aforesaid until the remaining sum of $146.-54 had been paid to plaintiff, and restraining appellant from paying the same to any one else except appellee until the unpaid portion of his order as aforesaid had been satisfied in full. Appellee further prayed for citation, and upon final hearing for judgment perpetuating said injunction, and for general relief.

The court indorsed his fiat upon appellee's petition, ordering the issuance of an injunction in strict accord with the prayer therein. This appeal is prosecuted from said order.

## Opinion.

■ Appellant presents assignments assailing the action of the court in granting the injunction in this case. Said injunction was mandatory in its nature and was granted without notice or hearing. The effect of the same was to afford appellee, in part at least, the entire relief sought, prior to a trial on the merits. In fact, the only specific relief sought on final hearing was merely the continuance of such injunction until his claim was satisfied in full. A temporary injunction is merely a provisional remedy, allowed by the court before a trial of the case on the merits for the sole purpose of preserving the subject-matter of the controversy as it existed at the time the suit was instituted. In other words, the proper office of a temporary injunction is merely to preserve the status quo until final hearing, and it should go no further than equity requires. 24 Tex. Jur. p. 19, § 9, and authorities cited in notes thereto; Midland Building & Loan Ass'n v. Sparks Chapel Colored M. E. Church (Tex. Civ. App.) 35 S.W.(2d) 774, 775, par. 1; City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S.W.(2d) 272, 274, pars. 2 to 5, inclusive.

■ Mandatory injunctions, it has been said, should be granted with great caution. Ordinarily, such an injunction will not be granted before final hearing, and not even then except under pressing necessity, or where necessary to effectuate the decree. Whether such necessity exists depends on the circumstances of each case. Such an injunction may be issued to preserve the status quo, but not ordinarily to change it, unless such change is merely to restore the same after it has been wrongfully disturbed. 24 Tex. Jur. p. 125 et seq., § 88, and authorities cited in notes thereto; Simon v. Nance (Tex. Civ. App.) 142 S. W. 661, 664, pars. 5 and 6; Owen v. Willis (Tex. Civ. App.) 20 S.W.(2d) 338, 341, par. 7; Southwestern Telegraph & Telephone Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049, 1052, par. 6; Turner v. Sims (Tex. Civ. App.) 20 S.W.(2d) 355, 356, pars. 1 and 2. See, also, 24 Tex. Jur. p. 175, § 130, and authorities cited in notes thereto.

■ The general rule is that the peaceable possession of property, personal or real, even though the right of possession be disputed, will not be transferred by temporary mandatory injunction. One of the reasons assigned for this rule is that such temporary writ would change the status quo, and might anticipate the whole case by giving full relief. While such rule is not inflexible and may be relaxed in cases of extreme necessity, a showing of such necessity must be made to sustain the writ. 24 Tex. Jur. p. 141 et seq., §§ 100, 101, and authorities cited in notes thereto; 32 C. J. p. 135 (second column); Welsh v. Carter (Tex. Civ. App.) 30 S.W.(2d) 354; Colby v. Osgood (Tex. Civ. App.) 230 S. W. 459; James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960, pars. 3 and 4, and authorities there cited; Pearce v. Atlantic Life Ins. Co. (Tex. Civ. App.) 36 S.W.(2d) 553, 554, par. 7; San Jacinto Construction Co. v. Scanlan (Tex. Civ. App.) 300 S. W. 220, 222, par. 1; Head v. Commissioners' Court (Tex. Civ.

App.) 14 S.W.(2d) 86, 87, pars. 2 to 4, inclusive.

Appellee's petition contains no allegation tending to show the existence of a pressing necessity for the issuance of a mandatory temporary injunction in this case, nor that he would suffer any particular injury which might be considered irreparable if the same were not granted.

Appellee having failed to bring himself within any of the exceptions to the rules hereinbefore announced, the injunction granted is here dissolved.