### JOHNSON v. CAMERON et al.
#### No. 3653.

Court of Civil Appeals of Texas. El Paso.
Nov. 4, 1937.

Rehearing Denied Nov. 24, 1937.

Johnson & Rogers and Nat. L. Hardy, all of San Antonio, for appellant.

Sleeper, Boynton & Kendall, of Waco, and Mead & Metcalfe, of Marfa, for appellees.

HIGGINS, Justice (after stating the case as above).

The record in this case clearly and plainly shows that the controversy between the parties involves the title to land, and is simply a boundary case. It is neither pleaded nor proven that the defendant, in removing the fence and taking possession of the disputed area, was guilty of violence, force, or fraud. There are no allegations nor evidence of facts which would justify plaintiffs in resorting to the equitable remedy of a mandatory injunction restoring to them the land of which they had been dispossessed. There is no allegation or evidence showing any unusual hardship inflicted upon the plaintiffs or pressing necessity for the issuance of such an injunction. It is not alleged nor proven that defendant is insolvent or unable to respond in damages. It is broadly alleged plaintiffs have no adequate remedy at law and will be irreparably damaged unless they obtain the preliminary equitable relief sought; but there are no facts pleaded or proven specifically showing irreparable damage or want of an adequate remedy at law. The allegations of the plaintiffs in this connection are mere conclusions of law. Hudgens v. Yancey (Tex.Civ.App.) 284 S.W. 347; Kean & Crofford Co. v. City of Dallas (Tex.Civ.App.) 244 S.W. 655;

Kampmann v. Stappenbeck (Tex.Civ.App.) 45 S.W.2d 761.

■■ Mandatory injunctions are not to be granted unless extreme or very serious damage at least will result from denying such relief, and each case depends on its own facts. Southwestern Telegraph & Telephone v. Smithdeal, 104 Tex. 258, 136 S.W. 1049. Nor will injunctive relief be granted where the plaintiff has a clear, adequate, and complete remedy at law. Woman's Club v. Hutchins (Tex.Civ.App.) 40 S.W.2d 960.

■ There is nothing whatever in this record to show that the action of trespass to try title and damages and the ancillary remedy of sequestration is not a clear, adequate, and complete remedy at law for the protection of the plaintiffs. Such being the case, the temporary injunctive relief sought should not have been granted, particularly the mandatory injunction requiring the defendant to remove the fence from its present position and replace it in its former position pending the final determination of the suit. Woman's Club v. Hutchins, supra; Allen & Yarbrough v. Texas & P. Ry. Co. (Tex.Civ.App.) 7 S. W.2d 1102; Hill v. Brown (Tex.Com.App.) 237 S.W. 252; Jowell v. Carnine (Tex. Civ.App.) 20 S.W.2d 1087; Dilworth v. Buchanan (Tex.Civ.App.) 275 S.W. 177.

Reversed, and judgment here rendered denying the temporary injunction sought by the plaintiffs.