### KANE v. GULF, C. & S. F. RY. CO. et al.

### No. 11603.

Court of Civil Appeals of Texas. Galveston.

Dec. 16, 1943.

Albert J. DeLange, of Houston, for appellant.

Walter Woodul, of Houston, and Terry, Cavin & Mills and J. G. Howard, all of Galveston, for appellees.

GRAVES, Justice.

This appeal is from an order of the 56th District Court, entered at the close of appellant Kane's testimony, upon the several motions therefor of the appellees (that is, the Gulf, Colorado & Santa Fe, the Galveston Terminal, the Galveston, Harrisburg & San Antonio, the Burlington-Rock Island, the Texas & New Orleans, the Galveston, Houston & Henderson Railroad Companies, the Trustees of the Galveston Wharves, and both the City and County of Galveston), who had presented no evidence in their own behalf, denying the appellant a temporary mandatory injunction, whereby he had sought to restrain them from allegedly interfering with his means of access to his property at Galveston Bay and 61st Street, in Galveston County, just outside the limits

of the City of Galveston, and particularly as to what he claimed to be the extension of 61st Street to Galveston Bay on the north.

The attached map, a portion taken by the appellees from an exhibit in evidence, the correctness of which has not been questioned by appellant, will make plain the locale of the controversy.

taining tracks, embankments, ditches, or other obstructions across Sixty-first Street, and the means of access to plaintiff's property, except with the immediate installation and maintenance of adequate and proper crossings;

"2. That such orders of this Court be entered requiring defendants, and each of them, to immediately install and main-

The specifications in appellant's prayer for such temporary mandatory order were these:

"1. That restraining orders and injunctions be issued restraining and enjoining defendants, and each of them, from main-

tain adequate crossings across all railroad, switch yards, and other obstructions of said defendants, and each or either of them;

"3. And that such orders require defendants, and each of them, to keep such

roads, crossings, and passageways open and free of cars and other obstructions except during such times as it is essential in the business of said companies, and within the limits prescribed by statute and law, to switch cars across said track;

"4. And that such orders require and permit such other and further actions by defendants, and permit such other actions by plaintiff as will secure to plaintiff, and his workmen, materialmen, and others desiring access to his property, full and adequate means of ingress and egress, and that mandamus, mandatory injunction, and other proper order, enter to the Honorable County Judge and County Commissioners of Galveston County, requiring them to enter such orders and take such actions as are necessary to insure prompt compliance with such orders of this Court, and the removal of such obstructions."

While, as indicated, the appellees presented no testimony, the hearing on the facts, as tendered by the appellant in support of his application, was full and complete; whereupon, the order refusing the prayed-for relief was entered in sustaining the several motions of the appellees for that disposition, the court also appending its refusal of appellant's request that it file findings of fact and conclusions of law in such a proceeding.

Inveighing here against the order so adverse to him below, appellant urges that 61st Street (together with the adjacent parallel streets) were shown to have been dedicated public highways for many years back; that the appellees and their predecessors in title had for a like length of time recognized such dedication, that there had never been abandonment, waiver, or other loss of 61st Street, as a public highway, upon which his property (which was lots 50, 51, and 502, as shown on this map) abutted; that the appellees were shown to have had no title to 61st street by limitation, prescription, or otherwise; and that immediate and pressing need of appellant to his property, the access to which had long been and still is prevented by the appellees, which prevention has resulted in very great damage to him; wherefore, the trial court's refusal to restrain them from interfering with such use by him of his property not only constituted an abuse of judicial discretion upon its part, but had visited serious and continuing injury upon him as well.

After careful consideration of the record, the briefs, and oral arguments for both sides, this court concludes that no abuse of a sound judicial discretion upon the part of the trial court has been made to appear.

Appellant's own testimony showed—as already indicated—that he was the owner of Lots 50, 51 and 502, of Trimble & Lindsay's subdivision of Section 1, of Galveston Island, these lots lying on the Bayfront, at the approximate location thereon or junction therewith of 61st and 62nd Streets, if they had ever been extended that far north on the ground; but the evidence in his behalf further shows uncontrovertedly that neither those two streets, nor any others in that area, had ever been extended on the ground, opened or used, beyond "the old country road", as delineated upon the Trimble & Lindsay map; that was far from appellant's property, and it was further shown that all the property in that general Bayshore area, including that in the immediate vicinity of appellant's location, had for more than ten years been a network of railway tracks and switching yards of the several appellee railways herein.

Indeed, as the appellees' brief puts it, "none of the streets at the location involved have ever been open, or used as such, at any time beyond the portion thereof delineated in yellow on the Exhibit hereto attached. Courtney C. Washington, County Engineer and Surveyor, testified that not a single street, or road, out of the hundreds delineated on the Trimble & Lindsay map, had ever been opened up in its entirety anywhere on the Island."

Furthermore, the appellant's evidence also showed that an order had been entered by the appellee-Commissioners Court, of Galveston County, August 18 of 1943, after due consideration, and signed by all its members, wherein that court had refused to open up 61st Street, adjacent to appellant's property, on the ground that it would be against the public interest, because of the hazard to life and limb of a road across the large number of railway tracks in that vicinity.

The County Judge of Galveston County, in that connection, in effect testified that, when a proposal was then suggested to appellant that, because of such potential hazard in opening up 61st Street, he be provided access to his property on 70th Street, he, through his attorney, declined consideration of such an alternative.

It is concluded, under our authorities, that the challenged order was not an im-

**968**

provident one. Tyrrell & Garth Inv. Co. v. City of Highlands, Tex.Civ.App., 44 S.W.2d 1059.

Moreover, admittedly by appellant, none of such streets as above recited, particularly the one upon which his property abutted, 61st, had ever before been laid out on the ground, or opened up, or subjected to public use. It is made equally clear that such could not now be done without incurring the public hazard the County Commissioners so determined it would create in mid-August of 1943.

Hence the granting of a mandatory temporary injunction, in the face of such consequences, would have completely disrupted, rather than maintained, the status quo theretofore existing in regard to the very matter in controversy.

In such circumstances, its refusal was required, under these authorities: James v. E. Weinstein Bros., Tex.Com.App., 12 S.W.2d 959; Perry v. Stringfellow, 134 Tex. 328, 134 S.W.2d 1031; City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272; City Council of City of Fort Worth v. Fort Worth Associated Master Plumbers & Heating Contractors, Tex.Civ.App., 8 S.W.2d 730; Texas Company v. Watkins, Tex.Civ.App., 82 S.W.2d 1079; Dallas Hunting & Fishing Club v. Dallas County Levee District, Tex.Civ.App., 235 S.W. 607; Dollinger, Jr., Inc., v. Horkan, Tex.Civ.App., 202 S.W. 978; Galveston & W. Ry. Co. v. City of Galveston, Tex.Civ.App., 137 S. W. 724; International & G. N. Ry. Co. v. Anderson County, Tex.Civ.App., 150 S. W. 239.

These conclusions require an affirmance of the appealed-from order.

Affirmed.