## SEYMOUR HAROLD PATT, Appellant, *v.* NEVADA STATE BOARD OF ACCOUNTANCY, Respondent.

### No. 9758

November 16, 1977          571 P.2d 105

*David Dean,* Reno, for Appellant.

*Laxalt, Berry & Allison,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of embezzlement (NRS 205.300) and placed on probation for a term of one year. Upon the satisfactory completion of probation, the district court set aside the verdict of guilty and dismissed the information against him pursuant to NRS 176.225(1).[1] Based on the

---

[1]NRS 176.225(1) provides:

"1. Every defendant who:

"(a) Has fulfilled the conditions of his probation for the entire period thereof; or

"(b) Is recommended for earlier discharge by the chief parole and probation officer; or

"(c) Has demonstrated his fitness for honorable discharge but because of economic hardship, verified by a parole and probation officer, has been unable to make restitution as ordered by the court, may at any time thereafter be permitted by the court to withdraw his

embezzlement conviction, the Nevada State Board of Accountancy revoked appellant's certified public accountant's certificate pursuant to NRS 628.390(5) and (6).[2]

A petition, requesting judicial review of the revocation, was dismissed by the district court and in this appeal the central contention is that the honorable discharge from probation released appellant from "all penalties and disabilities resulting from the offense" and, thus, the Board is precluded from considering the conviction as grounds for disciplinary action. Respondent, arguing the disciplinary proceeding and consequences thereof cannot be construed as a penalty or disability which was released under NRS 176.225(1), has moved to dismiss.

Although we have not had occasion to so construe NRS 176.225(1), sister state decisions involving virtually an identical statute are legion. Those cases, which we find to be well reasoned, hold that proceedings to suspend or revoke business or professional licenses are not included among the penalties and disabilities that are released by an honorable discharge from probation. *See, e.g.,* Meyer v. Board of Medical Examiners, 206 P.2d 1085 (Cal. 1949), and its progeny. *See also* In re Phillips, 109 P.2d 344 (Cal. 1941).

We elect to adopt, as appropriate and applicable here, that portion of the *Meyer* opinion where the court wrote that the "propriety [of the disciplinary action] stems from the adjudication of guilt constituting the basis of the 'conviction' and, as such, it is not a 'penalty' or 'disability' within the contemplated release of the probation statute." 206 P.2d at 1088. Accordingly, we grant respondent's motion and

ORDER this appeal dismissed.

---

plea of guilty or nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty; and in either case, the court shall thereupon dismiss the indictment or information against such defendant, *who shall thereafter be released from all penalties and disabilities resulting from the offense* or crime of which he has been convicted." (Emphasis added.)

[2]NRS 628.390(5) and (6) provide in pertinent part:

"After notice and hearing . . . , the board may revoke . . . any certificate issued . . . for any one or any combination of the following causes:

". . .

"5. Conviction of a felony under the laws of any state or of the United States.

"6. Conviction of any crime, an element of which is dishonesty or fraud, under the laws of any state or of the United States."