THE STATE OF NEVADA, Petitioner, *v.* KEITH C. HAYES, DISTRICT JUDGE, EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA; and RICHARD OTTO VAN AKEN, Respondents.

No. 10664

June 28, 1978                                           580 P.2d 122

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Petitioner.

*Burleigh, Zervas & Harding, Chtd.,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On October 17, 1972, Richard Otto Van Aken was found guilty, by jury verdict, of cheating at gambling. He was sentenced, placed on probation, and, on March 20, 1975, given an honorable discharge from probation pursuant to NRS 176.225.[1] On February 3, 1978, Van Aken petitioned, pursuant to NRS 179.255, for an order sealing all records involving his arrest and conviction. The district court subsequently granted the petition and the state has instituted this original proceeding in certiorari, contending that the district court exceeded its jurisdiction by sealing the records. It argues NRS 179.255 is not applicable where one has been *convicted* of a crime.[2] We agree.

By its express terms, NRS 179.255 pertains only to the sealing of records of persons who have been arrested for an alleged crime, but not convicted. However, where, as here, a person has been convicted of a crime, NRS 179.245 governs the sealing of records.[3] The mere fact that one convicted of a crime has

---

[1]NRS 176.225(1) provides:

"1. Every defendant who:

"(a) Has fulfilled the conditions of his probation for the entire period thereof; or

"(b) Is recommended for earlier discharge by the chief parole and probation officer; or

"(c) Has demonstrated his fitness for honorable discharge but because of economic hardship, verified by a parole and probation officer, has been unable to make restitutuion as ordered by the court, may at any time thereafter be permitted by the court to withdraw his plea of guilty or nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty; and in either case, the court shall thereupon dismiss the indictment or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."

[2]NRS 179.255(1) provides:

"1. A person who has been *arrested* for alleged criminal conduct, *where the charges were dismissed or such person was acquitted* of the charge, may after 30 days from the date the charges were dismissed or from the date of the acquittal petition the court in and for the county where such *arrest* was made for the sealing of all records relating to the arrest." (Emphasis added.)

[3]NRS 179.245(1) provides:

"1. A person who has been *convicted* of any felony may, after 15 years from the date of his conviction or, if he is imprisoned, from the date of his release from actual custody, a person who has been *convicted* of a gross misdemeanor may, after 10 years from the date of his conviction or release from custody, and a person who has been *convicted* of a misdemeanor may, after 5

been discharged from probation does not alter this conclusion. *See* People v. Sharman, 95 Cal.Rptr. 134 (Cal.App. 1971). *Cf.* Patt v. Nevada State Bd. of Accountancy, 93 Nev. 548, 571 P.2d 105 (1977).

Therefore, since the time requirements delineated in NRS 179.245 have not expired, the district court exceeded its jurisdiction by sealing Van Aken's records. Accordingly, the petition for the extraordinary writ is granted.

years from the date of his conviction or release from custody, petition the court in which the *conviction* was obtained for the sealing of all records relating to such conviction." (Emphasis added.)