STATE OF NEVADA AND STATE OF NEVADA GAMING COMMISSION, Appellants, v. FRANK ROSENTHAL, Respondent.

No. 21216

October 30, 1991 819 P.2d 1296

*Frankie Sue Del Papa*, Attorney General, *James J. Rankl*, Deputy, Carson City, for Appellants.

*Goodman, Stein & Chesnoff*, Las Vegas, for Respondent.

## OPINION

By the Court, YOUNG, J.:

This is an appeal from an order of the district court granting respondent's petition for judicial review and expunging respondent from appellants' List of Excluded Persons, the so-called "Black Book." For the reasons set forth below, we reverse the district court.

### THE FACTS

Respondent Frank "Lefty" Rosenthal ("Rosenthal") is a

former executive at the Stardust Hotel-Casino in Las Vegas and is also a former host of a television sports betting information program which aired live from the Stardust in the early 1980s. Rosenthal is well known to the authorities in several states. By his own admission, Rosenthal has associated with organized crime figures for many years, including the late Anthony Spilotro who was placed on the List of Excluded Persons in 1978. Rosenthal has a record of gambling-related arrests dating back over thirty years. Despite his frequent arrests, Rosenthal was only convicted once, in 1963, for attempting to fix the outcome of a college basketball game in North Carolina. He has also been banned from race tracks in Florida.

Rosenthal is also well known to this court; this is his third trip here. His first two appeals concerned denial of his application for licensing by the State Gaming Commission ("Commission") as a "key figure" employee at the Stardust. Both denials were appealed to this court, which affirmed the Commission's license denial. State v. Rosenthal, 93 Nev. 36, 42, 559 P.2d 830, 834 (1977) ("Rosenthal I"); Rosenthal v. State ex rel. Gaming Comm'n, 96 Nev. 959, 962, 620 P.2d 874, 876 (1980) ("Rosenthal II"). Both opinions allowed Rosenthal to retain his casino work card for employment at the Stardust in a non-gaming capacity. *Rosenthal I,* 93 Nev. at 46, 559 P.2d at 837; *Rosenthal II,* 96 Nev. at 962, 620 P.2d at 876.

The Gaming Control Board ("Board") first nominated Rosenthal for inclusion on the List of Excluded Persons in 1979. No action was taken on this nomination. In 1988, the Board again nominated Rosenthal for the list. In January 1989, the Commission unanimously approved the nomination. Rosenthal filed suit in the district court to enjoin the Commission's actions. The district court concluded that the exclusion order deprived Rosenthal of due process of law because substantial prejudice resulted from the Commission's delay in following through with the proceedings initiated in 1979. Applying the doctrines of laches and equitable estoppel, the court ruled that the government was barred from taking administrative action where significant due process rights were at stake. The court also held that the Commission had improperly considered Rosenthal's 1963 North Carolina conviction and that the gaming statutes were unconstitutional as applied to Rosenthal. The court ordered that Rosenthal's name be expunged from the list.

The Commission appeals from the district court's order, contending that: (1) the court erred in ruling that the Commission's decision to include Rosenthal on the List of Excluded Persons was arbitrary and capricious; (2) the district court employed an improper standard of review; (3) the court erred in ruling the Commission improperly considered Rosenthal's prior criminal

conviction; (4) the statutes and regulations governing the List of Excluded Persons were constitutionally applied to Rosenthal; and, (5) the doctrines of laches and equitable estoppel were inapplicable to Rosenthal's administrative hearing.

## DISCUSSION

Appellants first argue that the decision to include Rosenthal on the List of Excluded Persons was not arbitrary and capricious as the decision was based on criteria set forth in NRS 463.151(3).[1] A finding of any one of the criteria set forth in this statute is sufficient for inclusion on the List of Excluded Persons. Nev. Gaming Comm'n Reg. 28.010(2) (1989).

We find that all three subsections of NRS 463.151(3) cited by appellants are applicable to Rosenthal. First, subsection (a) applies because of Rosenthal's 1963 conviction for attempting to bribe college basketball players. Second, subsection (c) applies because of Rosenthal's admitted association with organized crime figures. Finally, subsection (d) applies because of Rosenthal's ban from Florida race tracks. The existence of all three of these statutory considerations was established by substantial evidence. The Commission was therefore within its authority when it included Rosenthal on the List of Excluded Persons. We find nothing arbitrary or capricious about this aspect of the Commission's decision. We hold that the lower court erred to the extent its ruling was based on misapplication of NRS 463.151(3).

### The district court's standard of review.

Appellants secondly assert that the district court utilized a standard of review that was contrary to express statutory provisions and the previous decisions of this court. In reversing the Commission's decision to include Rosenthal on the List of Excluded Persons, the lower court held that exclusion could only be supported by "an objective so manifestly in the public interest as to strongly justify the impairment or limitation." Appellants

---

[1] NRS 463.151(3) reads in part:

(a) Prior conviction of a crime which is a felony in this state or under the laws of the United States, a crime involving moral turpitude or a violation of the gaming laws of any state;

. . . .

(c) Notorious or unsavory reputation which would adversely affect public confidence and trust that the gaming industry is free from criminal or corruptive elements; or

(d) Written order of a governmental agency which authorizes the exclusion or ejection of the person from an establishment at which gaming or pari-mutuel wagering is conducted.

assert that the district court's standard of review was excessive in light of this court's holding in Spilotro v. State ex rel. Gaming Commission, 99 Nev. 187, 661 P.2d 467 (1983). Judicial review of a decision by gaming authorities to include a person on the List of Excluded Persons is governed by statute. NRS 463.317(3).[2] Appellants cite this court's recent decision in Clark County Liquor and Gaming v. Simon & Tucker, 106 Nev. 96, 97, 787 P.2d 782, 783 (1990), for authority that a court's role in reversing an agency decision is limited to determination of whether the decision was arbitrary and capricious or an abuse of discretion.

Despite the district court's reference to a "more exacting" standard, a review of the record indicates that the court's decision to reverse the Commission was actually premised upon factors found in NRS 463.317(3); namely, that the Commission's decision was arbitrary and capricious and unsupported by substantial evidence. The language in the court's order to which appellants object really amounts to nothing more than a rhetorical flourish on the part of the trial court. Accordingly, we hold that the district court employed the proper standard of review in evaluating the Commission's action.

### The 1963 conviction for basketball fixing.

Appellants also contend the district court erroneously ruled that Rosenthal's 1963 North Carolina conviction for basketball fixing could not be considered as a basis for exclusion. The court's ruling was based upon two factors: (1) the conviction was entered upon a plea of nolo contendere; and (2) Rosenthal's civil rights were subsequently restored by the North Carolina court that accepted the plea.

Where statutes authorize disciplinary action or license denial or revocation upon conviction of a crime, as a general rule, the conviction may be considered even when based upon a plea of nolo contendere. There is ample authority upholding administrative license or entitlement denials where the applicant had previously pled nolo contendere to a crime. *See* Bear v. Nicholls, 691 P.2d 326 (Ariz.Ct.App. 1984) (real estate broker's license); Kentucky Bar Assoc. v. Taylor, 549 S.W.2d 508 (Ky. 1967) (law

---

[2]Under NRS 463.317(3), the reviewing court may affirm the Commission's decision, remand the case for further proceedings, or reverse the decision if "substantial rights" of the petitioner have been prejudiced because the decision is:

 (a) In violation of constitutional provisions;
 (b) In excess of the statutory authority or jurisdiction of the commission;
 (c) Made upon unlawful procedure;
 (d) Unsupported by any evidence; or
 (e) Arbitrary or capricious or otherwise not in accordance with law.

license); Eisenberg v. Commonwealth Dep't of Public Welfare, 516 A.2d 333 (Pa. 1986) (medicaid eligibility). We believe these cases are analogous to the present administrative action.

[Headnotes 5, 6]

With regard to the restoration of Rosenthal's civil rights, our decision in Patt v. Nevada State Bd. of Accountancy, 93 Nev. 548, 571 P.2d 105 (1977), is controlling. Proceedings to suspend or revoke business or professional licenses are not included among the penalties and disabilities that are released by an honorable discharge from probation. *Id.* at 549, 571 P.2d at 106. We believe the *Patt* holding is applicable to administrative action by the Gaming Commission and that the district court erred in ruling that Rosenthal's 1963 conviction could not be considered for exclusionary purposes because his civil rights were subsequently restored.

### *Vagueness of the statutes and regulations governing the List of Excluded Persons.*

Appellants next contend that the district court erred in concluding that the statutes and regulations governing the List of Excluded Persons were unconstitutionally vague as applied to Rosenthal. In determining whether a statute is unconstitutional for vagueness, this court's review is limited to determining whether the statute "either forbids or requires the doing of any act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." State v. Glusman, 98 Nev. 412, 420, 651 P.2d 639, 644-45 (1982). A statute which does not impinge on First Amendment freedoms (due to the overbreadth doctrine) may be stricken as unconstitutionally vague only if it is found to be so in all its applications. *Id.* Additionally, the standard of review is less strict under a challenge for vagueness where the review is directed at economic regulations. *Id.* at 421, 651 P.2d at 645.

The statutes and regulations at issue have withstood prior vagueness scrutiny. They are a "reasonable method of achieving a legitimate end of protecting the state's vital gaming industry and thus comply with substantive due process and procedural due process." *Spilotro,* 99 Nev. at 194-95, 661 P.2d at 472. Thus we find no constitutional violation.

### *Laches and equitable estoppel.*

The parties next dispute whether the doctrine of laches applies to the government. We, however, find it unnecessary to decide this issue because, even if the laches doctrine applies, Rosenthal

failed to show all of the necessary elements of that doctrine. Laches is more than a party delaying the enforcement of his rights; it is delay that works a disadvantage to another. Home Savings v. Bigelow, 105 Nev. 494, 496, 779 P.2d 85, 86 (1989) (citing Cooney v. Pedrolie, 49 Nev. 55, 62, 235 P. 637, 640 (1925)). As a result of such delay, the condition of the party asserting laches becomes drastically altered, whereby he cannot be restored to his former state. *Id.*

While appellants unpersuasively submit that the nine-year delay was the result of limited resources and the pursuit of loftier matters, we nevertheless fail to see how Rosenthal has been prejudiced as a result of the delay. Rosenthal postulates that the evidence reveals two reasons justifying the district court's finding of prejudice. First, prejudice resulted from being "brought into face with this kind of indignity and scorn some five or six years after he left the State of Nevada." Second, the Commission introduced witnesses who testified about facts that Rosenthal implies would have been unavailable to the Commission absent the delay. Neither reason, however, shows any change in Rosenthal's position. In fact, the second proffered reason tends more to justify the delay than to show prejudice. The delay must cause actual prejudice, Memory Gardens v. Pet Ponderosa, 88 Nev. 1, 4, 492 P.2d 123, 124 (1972), not alleged prejudice—based on illusory or mythic concepts.

Similarly, we believe the district court erred in finding the doctrine of equitable estoppel barred Rosenthal's placement on the List of Excluded Persons. Again, we do not address the question of the doctrine's applicability to government action, as we fail to see how Rosenthal has detrimentally relied on the delay. As appellants argue, Rosenthal had no reasonable expectation that exclusion proceedings would not be instituted against him. Since Rosenthal failed to prove all of the elements of this defense, we find the district court erred in finding the Commission was equitably estopped from placing Rosenthal on the List of Excluded Persons.

Accordingly, for the reasons set forth above, we reverse the district court's order expunging Rosenthal from the List of Excluded Persons.

MOWBRAY, C. J., SPRINGER and STEFFEN, JJ., and ADAMS, D. J., concur.[3]

---

[3]The Honorable Brent T. Adams, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE ROBERT E. ROSE, Justice. Nev. Const. art. VI, § 4.