GLENDA LEE BESNILIAN, APPELLANT, *v.* GIZELE WILKINSON, SILVA CHANG, AND GEORGE BESNILIAN, RESPONDENTS.

No. 32032

June 21, 2001                                          25 P.3d 187

[En banc reconsideration denied July 17, 2001]

*Richard G. Hill*, Reno, for Appellant.

*C. Nicholas Pereos*, Reno, for Respondents Wilkinson and Chang.

*George Besnilian*, Reseda, California, in Proper Person.

---

[38]*Claiborne,* 104 Nev. at 219, 756 P.2d at 531.

# OPINION

By the Court, SHEARING, J.:

The principal issue in this case is whether one party to a declaration of homestead can alienate his interest in the homestead property without the knowledge or consent of the other party. The district court held that one party may not alienate homestead property, but found that appellant's delay in filing her action to quiet title precluded her recovery. We agree that one party may not alienate homestead property without the consent of the other party, but disagree that appellant's claim is barred by laches. Therefore, we reverse the judgment of the district court and the order retaxing costs.

## FACTS

Simon Besnilian and Glenda Besnilian, husband and wife, acquired real property in joint tenancy in 1975. In 1990, they jointly executed a declaration of homestead on the property. Subsequently, unbeknownst to Glenda, Simon executed a deed giving his half of the property to Gizele Wilkinson, Silva Chang and George Besnilian. Simon died and Wilkinson served as executrix of his estate. The real property was not listed as an asset of the probate estate and apparently Glenda did not participate in the probate proceeding. Glenda continued to live on the property and paid all debt service, maintenance, taxes and insurance after her husband's death.

In 1995, Glenda filed an action with several claims for relief, including a claim to quiet title to the real property. A district judge granted partial summary judgment to Glenda on her quiet title claim, concluding that both spouses must join in any conveyance of homestead property or else the conveyance would be void. Before trial on the remaining issues, the initial district judge died, and a new district judge conducted the trial. After trial, the district court ruled that Glenda was barred by laches from pursuing her claim and taxed her with costs. Glenda appealed.[1]

---

[1] Respondents filed a cross-appeal from the district judge's order denying respondents' motion for summary judgment. This court dismissed the cross-appeal. Denial of a motion for summary judgment is not an appealable order, and respondents were not aggrieved by the district court's final judgment. NRAP 3A; *see also Taylor Constr. Co. v. Hilton Hotels,* 100 Nev. 207, 678 P.2d 1152 (1984). Therefore, respondents lacked standing to appeal.

*DISCUSSION*

*Laches*

Laches, an equitable doctrine, may be invoked when delay by one party prejudices the other party such that granting relief to the delaying party would be inequitable.[2] However, to invoke laches, the party must show that the delay caused actual prejudice.[3]

In this case, the district court found that Glenda's delay in filing the action to quiet title resulted in valuable evidence being lost; namely, the legal and medical records of Simon Besnilian. The district court concluded that respondents were prejudiced by the loss of the legal and medical records. We disagree.

Respondents argue that Simon's legal records were necessary to prove that Simon was competent when he conveyed his interest in the joint tenancy as a gift deed. But Simon's competency when executing the gift deed was not at issue in the case. The disputed issue was a matter of law regarding the effect of one party's gift deed to homestead property. Thus, Simon's legal records were irrelevant and their loss did not cause actual prejudice to respondents.

Respondents also argue that Simon's medical records were necessary to show Simon's incompetency at the time of the declaration of homestead. Simon's doctor testified that he had no recollection of ever having seen Simon incompetent. Although the doctor's own records were not available at the time of trial, duplicate records were available from St. Mary's Hospital, but respondents did not obtain them. Thus, even if the records would have belied the doctor's testimony regarding Simon's competence, respondents could have obtained the records from the hospital and, therefore, did not suffer actual prejudice by the loss of the doctor's records. Because Glenda's delay did not cause respondents actual prejudice, it cannot amount to laches.[4] Hence, the district court erred in concluding that laches barred appellant's claim.

---

[2]*Building & Constr. Trades v. Public Works,* 108 Nev. 605, 610-11, 836 P.2d 633, 636-37 (1992).

[3]*State, Gaming Comm'n v. Rosenthal,* 107 Nev. 772, 778, 819 P.2d 1296, 1301 (1991).

[4]*Memory Gardens v. Pet Ponderosa,* 88 Nev. 1, 5, 492 P.2d 123, 125 (1972).

*Homestead law*

The issue presented in this case is the effect of a gift deed on property held in joint tenancy, but declared to be homestead property by both joint tenants. Nevada's homestead law is established in Article 4, Section 30 of the Constitution of the State of Nevada and NRS Chapter 115. The Nevada Constitution provides that a homestead ''shall not be alienated without the joint consent of husband and wife when that relation exists.''[5] Homestead law, unknown to common law, is a constitutional and statutory reflection of public policy and sentiment.[6] The purpose of the homestead law is to preserve the family home despite financial distress, insolvency or calamitous circumstances, and to strengthen family security and stability for the benefit of the family, its individual members, and the community and state in which the family resides.[7] The case law of this court and other jurisdictions reflects a judicial tendency to construe homestead laws liberally in favor of the class of persons for whose benefit they were enacted.[8]

Considering both the express language of the Nevada Constitution and the policy behind the homestead law of protecting the individual members of a family, one spouse who is a party to a declaration of homestead may not convey or transfer title to the homestead property without the consent of the other spouse. Glenda Besnilian was clearly a member of the class the homestead laws were enacted to protect. She lived on the homestead property with her husband from the time they jointly acquired it in 1975 until his death. She and her husband jointly signed the declaration of homestead, and she was her husband's surviving spouse. Prohibiting a spouse from conveying his or her interest in a homesteaded, joint tenancy estate without the knowledge and consent of his or her joint tenant spouse, not only comports with our constitutional provision but also advances the public policy of the homestead laws.[9] For this reason, we conclude that the district

---

[5]Nev. Const. art. 4, § 30.

[6]*Jackman v. Nance,* 109 Nev. 716, 718, 857 P.2d 7, 8 (1993).

[7]*Id.*

[8]*Id.*; *Herndon v. Grilz,* 112 Nev. 873, 878, 920 P.2d 998, 1001 (1996); *Tramel v. Stewart,* 697 So. 2d 821, 824 (Fla. 1997); *Shamban v. Masidlover,* 705 N.E.2d 1136, 1138 (Mass. 1999); *Neel v. First Federal Sav. and Loan Assoc.,* 675 P.2d 96, 102 (Mont. 1984); *Woods v. Alvarado State Bank,* 19 S.W.2d 35 (Tex. 1929).

[9]*Cf. Mullikin v. Jones,* 71 Nev. 14, 278 P.2d 876 (1955) (husband could alienate his share of joint tenancy estate when homestead was not declared pursuant to statute).

court correctly determined that one party to a declaration of homestead cannot alienate a homestead property without the other's consent. To the extent that the homestead property here did not exceed the statutory value stated in NRS 115.010, Glenda is entitled to prevail on her quiet title action.

## CONCLUSION

For the foregoing reasons, we reverse the district court's judgment and order retaxing costs, and remand this case for proceedings consistent with this opinion. In light of our decision, we need not address the parties' arguments concerning the order retaxing costs.

MAUPIN, C. J., YOUNG, LEAVITT and BECKER, JJ., concur.

AGOSTI, J., concurring:

I concur. I write separately to point out the impact this decision has upon married couples who hold property in joint tenancy.

Attorneys in Nevada will need to take special care to advise their clients concerning whether or not to file a homestead declaration when the real property is held in joint tenancy. Traditionally, a joint tenant enjoys the power to convey his or her interest in the property held in joint tenancy with another, without the other's knowledge or consent. Such a conveyance by a joint tenant terminates the joint tenancy.[1] As pointed out by the dissent, today's decision does, in effect, transmute property held in joint tenancy into community property. NRS 123.230(3) forbids either spouse to convey or encumber real property which is community property unless both spouses participate in the conveyance or encumbrance. Today's decision permits the act of filing a homestead declaration to create rights each joint tenant has in the undivided whole which heretofore did not exist. The holding subjects homesteaded property held in joint tenancy between spouses to the same dispositional limitations as are described in NRS 123.230(3). The decision does so without reference to or consideration of the amount of the homestead exemption which the legislature sets and from time to time changes.

While I do not quarrel with the result reached by the majority in this case, I believe it raises many more questions than it answers. The filing of a homestead exemption which was once an innocuous act designed to protect property will now be sufficiently complicated by legal consequences that consumers will be wise not to seek the exemption without first seeking the advice of a qualified attorney.

---

[1]*Smolen v. Smolen,* 114 Nev. 342, 344, 956 P.2d 128, 130 (1998).

Rose, J., dissenting:

The majority opinion effectively changes joint tenancy ownership in real property to community property once a homestead declaration is filed. I do not find any indication of this intent in Nevada law, and it is not necessary to recognize such a transformation of property status to give full effect to a homestead declaration. Since I agree with the majority in its view that sufficient facts were not shown to impose laches on appellant, I would reverse both the district court's judgment at trial and the district court's grant of partial summary judgment on Glenda's quiet title claim and remand the entire matter for further proceedings.