# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE LLC,
Appellant,
vs.
WEST SUNSET 2050 TRUST, A
NEVADA TRUST,
Respondent.

No. 79271

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a quiet title action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

In *West Sunset 2050 Trust v. Nationstar Mortgage, LLC (West Sunset Trust)*, 134 Nev. 352, 420 P.3d 1032 (2018), this court reversed the district court's grant of summary judgment in the underlying action and remanded the case for further proceedings. After reopening discovery and a bench trial, the district court entered judgment quieting title in respondent West Sunset 2050 Trust's favor. The district court found that the recording of a deed in lieu of foreclosure extinguished any interest in the first deed of trust assigned to appellant Nationstar Mortgage, LLC after that recording. The district court alternately found that the HOA's foreclosure sale extinguished the deed of trust, which was conducted in compliance with NRS Chapter 116.[2]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The parties are familiar with the facts and we do not recount them here except as necessary to our disposition.

20-41474

Nationstar first argues that the district court abused its discretion in barring it from introducing evidence of Freddie Mac's purported interest in the subject property. Reviewing for an abuse of discretion, *see M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (providing that this court reviews the district court's "decision to admit or exclude evidence for [an] abuse of discretion"), we disagree.[3] Nationstar's attempt to introduce this evidence without having disclosed it during discovery constituted a violation of its obligations under NRCP 16.1(a)(1) (requiring a party to identify and provide any evidence it intends to rely upon at trial to the other parties) and NRCP 26(e)(1) (imposing a duty for parties to timely supplement their previous disclosures after acquiring or learning of new information). As Nationstar did not demonstrate that its failure to disclose the evidence until shortly before trial was "substantially justified or harmless," the district court properly excluded the evidence. NRCP 37(c)(1); *see also Capanna v. Orth*, 134 Nev. 888, 894, 432 P.3d 726, 733 (2018) (explaining that, under NRCP 37(c)(1), a party cannot use at trial any undisclosed witness or information unless the party shows a substantial justification for the failure to disclose or that the failure is harmless). We further conclude that, given Nationstar's delay in disclosing evidence of Freddie Mac's purported interest in the subject property, the district court properly applied the

---

[3]We disagree with Nationstar's assertion that the district court's evidentiary decision falls under the "heightened standard of review" provided in *Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990). The district court did not enter an "order of dismissal with prejudice as a discovery sanction" as occurred in *Young, id.* at 93, 787 P.2d at 789-90, it merely excluded the untimely disclosed evidence.

equitable doctrine of laches to bar Nationstar from arguing that the deed of trust survived by way of 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar).[4] *See Carson City v. Price*, 113 Nev. 409, 412, 934 P.2d 1042, 1043 (1997) (noting that the application of laches "depends upon the particular facts of each case" and explaining that "[l]aches . . . may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable" (quoting *Bldg. & Constr. Trades v. Pub. Works*, 108 Nev. 605, 610-11, 836 P.2d 633, 636-37 (1992))). Nationstar asserts that it has serviced the deed of trust on Freddie Mac's behalf since 2013, yet it failed to disclose any documents regarding Freddie Mac's purported interest until April 2019, after more than five years of litigation, an appeal and remand, and an extended discovery period. Nationstar's failure to produce evidence of the true ownership of the loan until approximately two months before trial constituted sufficient prejudice to support the district court's application of laches. *See Besnilian v. Wilkinson*,

---

[4]Our caselaw addressing the Federal Foreclosure Bar was well-settled when the district court re-opened discovery after remand, negating Nationstar's attempt to justify its untimely disclosures based on the timing of our decisions. *See Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n (Christine View)*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (holding that the Federal Foreclosure Bar prevents an HOA foreclosure sale from extinguishing the deed of trust); *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757 (2017) (holding that a loan servicer has standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf). Indeed, the district court re-opened discovery on October 15, 2018, over six months after we issued the latest of these decisions, *Christine View*, on March 21, 2018.

117 Nev. 519, 522, 25 P.3d 187, 189 (2001) (requiring a showing of actual prejudice in order to invoke laches).

We next turn to Nationstar's arguments regarding the HOA's factoring agreement with First 100. In *West Sunset Trust*, we concluded that that agreement did not sever the HOA's superpriority lien from its right to receive payment on the homeowner's underlying debt comprised of past due assessments. 134 Nev. at 355-57, 420 P.3d at 1035-37. In so doing, this court recognized that the factoring agreement does "not affect the relationship between the debtor and the lender"[5] or "the HOA's right to foreclose on the property," as "the [p]roperty owner remain[s] indebted to the HOA." *Id.* at 357, 420 P.3d at 1037. Consistent with that decision, we conclude that the district court did not err in determining First 100's payment to the HOA under the factoring agreement did not satisfy the superpriority lien amount. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo).

We next address whether the district court failed to conduct a proper equity analysis. Although the district court did not reference *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016) in its order, we are satisfied that the district court nonetheless considered Nationstar's equity-based arguments and did not abuse its discretion in weighing the equities. *See Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538 (2010)

---

[5]Nationstar's argument that the factoring agreement affected the relationship between the homeowner and the HOA is unconvincing, as the record reflects that the HOA received First 100's payment after the HOA foreclosure sale.

(reviewing a district court's decision denying equitable relief for an abuse of discretion). For example, the district court found that West Sunset was a bona fide purchaser for value,[6] the foreclosure sale had multiple bidders, and that conducting the sale on a Saturday was not, in and of itself, unreasonable.[7]

Nationstar also argues that the HOA sale should be set aside on equitable grounds due to the HOA's failure to serve Nationstar's predecessor, Bank of America, N.A. (BANA), with the notice of default and election to sell. This court previously declined to invalidate the sale on these grounds because Nationstar failed to allege resulting prejudice. *See West Sunset Tr.*, 134 Nev. at 355, 420 P.3d at 1035. Nationstar now argues that, had BANA known of the HOA's notice of default, it would have tendered payment to satisfy the superpriority portion of the HOA's lien, thereby preserving the deed of trust. However, our review of the record reveals that BANA had actual notice of the HOA's lien, as there is correspondence between BANA and the HOA's agent discussing the amount of the HOA's

---

[6]We also conclude that the district court's findings support its conclusion that West Sunset was a bona fide purchaser for value, as it found that West Sunset paid $7,800 for the subject property and was unaware of the First 100 factoring agreement at the time of the HOA sale. *See Shadow Wood*, 132 Nev. at 64, 366 P.3d at 1115 (defining a bona fide purchaser as a subsequent purchaser who takes the property for valuable consideration and without notice of the prior equity).

[7]To the extent Nationstar argues the provision in the First 100 factoring agreement setting the opening bid at $99 requires a finding of unfairness, we disagree. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 749, 405 P.3d 641, 648 (2017) (explaining that evidence of alleged unfairness or irregularity is evaluated on a sliding scale when compared with the adequacy of price).

lien several months before the HOA recorded the notice of sale. Furthermore, Nationstar fails to explain how it was prejudiced when both it and BANA received copies of the HOA's notice of sale, yet still failed to take action to satisfy the superpriority portion of the HOA's lien. Therefore, we conclude that the district court also did not abuse its discretion in refusing to invalidate the HOA's foreclosure sale due to an alleged defect in notice. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[8]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Elizabeth Goff Gonzalez, District Judge
        Akerman LLP/Las Vegas
        Ayon Law, PLLC
        Eighth District Court Clerk

_____

[8]Because we affirm on this basis, we need not address the district court's alternate finding that the deed in lieu extinguished any interest Nationstar had in the first deed of trust under the merger doctrine.